**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

BREANNA L. WILLINGHAM,

    Plaintiff,

vs.                                                  Case No. 3:20-cv-320-J-34JBT

DEXTRELL T. CALLAWAY, JR., et al.,

    Defendants.
_____/

**O R D E R**

    **THIS CAUSE** is before the Court on Defendants' Response to Order to Show Cause (Doc. 8; Response).  On March 27, 2020, Defendants Dextrell T. Callaway, Jr. and FedEx Freight, Inc. filed Defendants' Notice of Removal (Doc. 1; Notice) asserting that the Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.  See Notice ¶ 5. Defendants alleged that diversity jurisdiction is proper because this is an action between citizens of different states, and the amount in controversy exceeds $75,000.  Id. ¶¶ 1-7. On March 31, 2020, the Court entered an Order (Doc. 5) inquiring into its subject matter jurisdiction over this case.  See generally Order.  In the Order, among other problems, the Court found that Defendants had "fail[ed] to present a 'plausible allegation' of the amount in controversy."  See id. at 4.[1]  As such, the Court directed Defendants "to provide the Court with sufficient information so that it can determine whether it has diversity jurisdiction over

---

[1] In the March 31, 2020 Order the Court also explained that Defendants had failed to properly allege the citizenship of Plaintiff Breanna L. Willingham and Defendant Dextrell T. Callaway, Jr.  See Order at 3. Because the Court finds that this matter is due to be remanded for failure to satisfy the amount in controversy, the Court need not address whether Defendants' supplemental allegations are sufficient to establish the citizenship of the parties.

this action." Id. at 6.  When Defendants failed to respond to the Court's Order as directed, the Court entered an Order to Show Cause (Doc. 7) on April 28, 2020, directing Defendants to show cause why the case should not be remanded or sanctions imposed for their failure to comply with the Court's Order.  On May 12, 2020, in an effort to comply with the Court's March 31, 2020 Order and in response to the Order to Show Cause, Defendants filed the instant Response.[2]

Plaintiff alleges in the Complaint and Demand for Jury Trial (Doc. 3) that on or about August 7, 2019, Defendant Callaway was negligently operating a tractor-trailer, owned by Defendant FedEx Freight, Inc., and collided with the rear of a vehicle in which Plaintiff was a passenger.  See id. ¶¶ 12, 14.  According to the Complaint, the collision giving rise to this action occurred on "Interstate 295 approximately 1 mile North of the intersection with Pulaski Road, Duval County, Florida."  Id. ¶ 5.  The Complaint does not contain, and Defendants have not provided, any further details about the nature or severity of this rear-end collision.  As a result of the collision, Plaintiff asserts that she suffered "bodily injury and resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, inconvenience, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition." Id. ¶¶ 13, 15.  According to Plaintiff, these losses are "either permanent or continuing," and she has "sustained permanent injuries."  Id.  She does not identify what those injuries are and places no estimated value on any of these losses other than to allege

---

[2] The Court is satisfied with Defendants' explanation of their failure to timely respond to the Court's Order and will discharge the Order to Show Cause.

2

that the action exceeds the $30,000 jurisdictional threshold for filing in Florida's circuit court. Id. ¶ 1.

In the Response, Defendants contend that the amount in controversy exceeds $75,000 because Plaintiff is only twenty-nine years old and allegedly sustained permanent injuries. See Response at 4. According to Defendants, verdicts in other motor vehicle accident cases in Florida involving permanent injuries, future medical care and future lost wages have exceeded $75,000, and as such, "Defendants have no reason to believe Plaintiff will not ask for damages in excess of $75,000 based on her allegations here." Id. However, this extrapolation about the nature and extent of Plaintiff's damages is based on nothing more than the vague and categorical allegations in the Complaint. Defendants concede that they have not yet received Plaintiff's medical records or responses to their discovery requests regarding Plaintiff's damages and injuries. Id. at 3. Significantly, the Court previously explained that the "generic, vague and categorical allegations in the Complaint" were insufficient to demonstrate a non-speculative, plausible basis for finding the amount in controversy was satisfied. See Order at 5-6. Indeed, the Court specifically stated that absent "any information . . . regarding the nature of [Plaintiff's] injuries, or the cost of her subsequent medical care, the Court is unable to determine whether the amount in controversy is satisfied here." Id. Nevertheless, Defendants have failed to provide the Court with any such information, nor did they provide any other details from which the Court could plausibly infer that the amount in controversy exceeds $75,000. Absent any specific facts or allegations, "the amount in controversy [can] be 'divined [only] by looking at the stars'–only through speculation–and that is impermissible." Pretka v. Kolter City Plaza II,

Inc., 608 F.3d 744, 753-54 (11th Cir. 2010) (second alteration in original) (quoting Lowery v. Ala. Power Co., 483 F.3d 1184, 1209, 1215 (11th Cir. 2007)).

Upon review of the filings, it is evident that the removal of this case from state court to federal court was premature. At the time Defendants filed the Notice, they neither possessed nor asserted any facts suggesting that the amount in controversy in this case exceeds the applicable statutory threshold.[3] Moreover, despite being afforded an additional opportunity to establish that § 1332(a)'s amount in controversy requirement has been satisfied, Defendants have failed to do so. Because Defendants have not established a plausible basis for the removal of this action from state court and have twice failed to satisfactorily allege that the amount in controversy in this case exceeds § 1332(a)'s jurisdictional threshold amount, it is

**ORDERED**:

1. This case is **REMANDED** without prejudice to the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida for further proceedings.[4]

2. The Clerk of the Court is **DIRECTED** to transmit a certified copy of this Order to the clerk of that court.

---

[3] Indeed, Defendants did not even attempt to satisfy their burden of plausibly alleging that the amount in controversy exceeds the jurisdictional threshold. See Order at 3-5; Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1320 (11th Cir. 2001) ("A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden."). Remarkably, the Notice is devoid of any factual allegations to support Defendants' conclusory assertion that "[u]pon information and belief, Plaintiff seeks damages that exceed $75,000, exclusive of interests [sic] and costs." See Notice ¶ 2.

[4] In state court, Defendants can engage in discovery pursuant to the relevant Florida Rules of Civil Procedure. If, through such discovery, Defendants ascertain that the case is one which is or has become removable, Defendants may consider filing another notice of removal, if timely, pursuant to 28 U.S.C. § 1446.

3. The Clerk is further **DIRECTED** to terminate all pending motions and deadlines as moot and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on May 13, 2020.

*Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies to:

Counsel of Record

Clerk, Circuit Court, Fourth Judicial Circuit,
in and for Duval County, Florida